UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 06 C 0979 |
| | ) | |
| DAVID GUADARRAMA-BAHENA, | ) | (00 CR 383-1) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the petition of David Guadarrama-Bahena to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the petition is denied. Because the motion and record conclusively show that Guadarrama-Bahena is entitled to no relief, no evidentiary hearing is necessary.

**BACKGROUND**

On May 31, 2000, Guadarrama-Bahena was indicted in the Northern District of Illinois on charges of illegally reentering the United States after deportation. A warrant was issued for his arrest when he failed to appear for his arraignment. He was arrested on June 16, 2004, and subsequently pled guilty without entering into an agreement with

the government. According to the presentence report calculations of the guideline range for his offense, which we adopted, Guadarrama-Bahena had an offense level of 21 and a criminal history category of IV. This combination yielded a range of 57-71 months' imprisonment. Both sides filed comprehensive position papers as to the appropriateness of a sentence within this range; counsel for Guadarrama-Bahena argued for a sentence of 30 months, the low end of the applicable range if his offense level was 15 rather than 21. He advanced four grounds for this reduction: extraordinary family circumstances, disparity in sentences between the Northern District of Illinois and jurisdictions using early disposition or "fast track" programs for immigration violations,[1] consideration for time served while in state custody and certain realities of detention for illegal aliens, and inaccurate advice from a person purporting to be an attorney. The government argued for a sentence within the 57-71 month guideline range.

---

[1] In 2003, under the Prosecutorial Remedies & Other Tools to End the Exploitation of Children Today Act, Congress mandated that the Sentencing Commission promulgate "a policy statement authorizing a downward departure of not more than 4 levels if the Government files a motion for such departure pursuant to an early disposition program authorized by the Attorney General and the United States Attorney." Pub. L. No. 108-21, § 401(m)(2)(B), 117 Stat. 650, 675 (2003). This mandate resulted in U.S.S.G. § 5K3.1. Early disposition programs are used in several jurisdictions with high incidences of immigration violations, but the Northern District of Illinois is not one of them.

The final sentence rendered explicitly included considerations for both the extraordinary family circumstances involved and the sentencing disparity between jurisdictions using fast-track programs and those that do not. Guadarrama-Bahena was sentenced to thirty-six months' incarceration, followed by two years of supervised release. This sentence fell within the range specified for an offense level of 15 and a criminal history category of IV. Neither side appealed. On February 22, 2006, Guadarrama-Bahena filed the present petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## LEGAL STANDARD

Under § 2255, a prisoner convicted of a federal crime has the ability to move the sentencing court "to vacate, set aside, or correct the sentence" on the grounds that the sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255. A prisoner may also base the claim upon the fact that the sentencing court lacked jurisdiction to impose such a sentence or that the sentence was either beyond the maximum authorized by law or otherwise subject to collateral attack. Id. Such collateral relief is only available, however, where there was "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Bischel v. United States, 32 F.3d 259, 263 (7th Cir. 1994) (quoting Borre v. United States, 940 F.2d 215, 217 (7th Cir. 1991)).

In evaluating a § 2255 petition, the district court must review the record and draw all reasonable inferences in favor of the government. Carnine v. United States, 974 F.2d 924, 928 (7th Cir. 1992). While the court will liberally construe Guadarrama-Bahena's pro se petition, the burden still rests on him to show that he is entitled to relief under § 2255. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972). With these principles in mind, we turn to Guadarrama-Bahena's motion.

## DISCUSSION

As stated above, Guadarrama-Bahena did not appeal either his conviction or his sentence to the Seventh Circuit. Though claims not argued on direct appeal generally are barred from collateral review, claims of ineffective assistance of counsel can be raised in a § 2255 motion regardless of whether the defendant could have presented them during direct review. See Massaro v. United States, 538 U.S. 500, 504, 123 S. Ct. 1690, 1693, 1694 (2003).[2] All three of the claims Guadarrama-Bahena asserts in his petition go to the effectiveness of the representation of his trial attorney. As a result, the lack of an appeal does not bar our review of his claims.

---

[2] In its response, the government relies on a contrary statement of law contained in Guinan v. United States, 6 F.3d 468, 471 (7th Cir. 1993). This reliance is misplaced; the Supreme Court specifically abrogated the rule recited therein in Massaro. Thus, Guinan is no longer good law and does not control our consideration of Guadarrama-Bahena's claims.

-4-

We review claims of ineffective counsel under the two-prong test delineated by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Under this test, a party asserting ineffective assistance of counsel must demonstrate both cause and prejudice, i.e., that counsel's performance was deficient and that the unreasonable performance prejudiced the defendant. <u>Id.</u> The cause prong requires a defendant to demonstrate that the representation received was objectively unreasonable considering all of the circumstances. <u>Id.</u> at 688, 104 S. Ct. at 2064, 2065. Counsel's conduct is presumed, and strongly so, to satisfy professional standards. <u>Id.</u> at 689, 104 S. Ct. at 2065. Under the second prong, a defendant must establish that in all likelihood, but for his counsel's ineffective assistance, the proceeding would have turned out differently. <u>Id.</u> at 694, 104 S. Ct. at 2068.

Guadarrama-Bahena first claims that his attorney provided ineffective assistance by failing to investigate and provide to the court all mitigating evidence that could have been taken into account to reduce his sentence. As described above, his attorney presented several arguments, both legal and factual, in support of his request for a sentence less than 57 months, the low end of the guideline range. Guadarrama-Bahena does not identify any specific evidence that his attorney did not include in the 13-page position paper filed to request the lower sentence. We cannot begin to determine whether counsel's failure to include a piece of evidence resulted in constitutionally

insufficient performance unless we know what the purported evidence is. See United States v. Moya-Gomez, 860 F.2d 706, 763-764 (7th Cir. 1988). As a result, on the first ground, Guadarrama-Bahena has not established the cause prong of the Strickland analysis. Even if he had, in light of the fact that his attorney's performance resulted in a sentence 21 months below the low end of the guideline range, it is extremely doubtful that he would be able to show that the omission resulted in any prejudice, i.e., that he would have received an even shorter sentence than he did.

Second, Guadarrama-Bahena argues that his attorney did not pursue a downward departure that would compensate for his inability as a deportable alien to seek certain benefits that are potentially available to prisoners who are United States citizens, such as minimum security confinement at the tail end of his sentence. We need not tarry long on this ground. Guadarrama-Bahena's attorney presented this argument in the position paper referenced above; the fact that it did not prevail does not render counsel's performance constitutionally inadequate. Thus, Guadarrama-Bahena cannot satisfy the first prong of the Strickland test on this issue.

Lastly, Guadarrama-Bahena asserts that he received ineffective assistance of counsel because his attorney did not suggest a downward departure from the sentencing guidelines like one that could be available to him if he had been arrested and convicted in a fast-track jurisdiction. This argument, like the second, fails at the outset.

Guadarrama-Bahena's attorney argued strongly and persuasively for a departure equivalent to what would be available in a fast-track jurisdiction. Furthermore, his ultimate sentence fell within the range that would have resulted if he had been in a district where the 4-point reduction was authorized, pursuant to a rationale since held to be an unreasonable basis for departure by the Seventh Circuit. See United States v. Galician-Cardenas, 443 F.3d 553, 555 (7th Cir. 2006). Thus, Guadarrama-Bahena has not demonstrated that he is entitled to § 2255 relief on this ground either.

## CONCLUSION

Based on the foregoing reasons, Guadarrama-Bahena's motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 is denied.

　

Charles P. Kocoras
Chief Judge
United States District Court

Dated:  June 15, 2006